ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
DEC 28 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LOUIS P. TORTORELLA,<br>WAYNE R. GUTIERREZ,<br>JOSEPH P. MURPHY, and<br>STEVEN M. LITTLEFIELD<br><br>Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant | No. 07-855-C<br><br>Judge Firestone |

**COMPLAINT**

Plaintiffs through counsel submit the following as their transfer Complaint, in the form docketed on March 2, 2006 with the transferring court (US District (Boston) No. 06-10054-RGS). This Complaint is submitted to the Clerk in paper form by hand for docketing and service in accordance with Rule 5.4, the Clerk's Instructions For Transfers From Other Courts (Rule 3.1), and the Clerk's docket text (Set Deadlines) entered on December 6, 2007 (Transfer Complaint due by 1/2/2008).

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint, allege upon personal knowledge as to themselves and their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are or were the subject of active duty orders of the Massachusetts National Guard Adjutant General during the period from September 12, 2001 through the present (the "Class Period"), who did not receive the requisite pay and allowances as provided by federal law pursuant to 32 U.S.C. § 502(f).

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Louis P. Tortorella is an individual with a principal residence located at 10 Russell Hill Road, Brookline, New Hampshire. At the present time Louis P. Tortorella is retired from the United States Army and Massachusetts National Guard, but was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.

3. Plaintiff Wayne R. Gutierrez is an individual with a principal residence located at 175 Shawmut Avenue, in New Bedford, Massachusetts. At the present time Wayne Gutierrez is a Sergeant in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.

4. Plaintiff Joseph P. Murphy is an individual with a principal residence located at 16 Fairway Drive, in Derry, New Hampshire. At the present time Joseph P. Murphy is a Specialist in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.



2

5. Plaintiff Steven M. Littlefield is an individual with a principal residence located at 669 State Road, Manomet, Massachusetts. At the present time Steven M. Littlefield is a Sergeant in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint, until ordered to Iraq in June 2004.

6. Defendant Donald H. Rumsfeld, the Secretary of the Department of Defense, is the individual lawfully appointed as the Secretary of the Department of Defense of the United States of America.

7. Defendant Francis J. Harvey, the Secretary of the Department of the Army is the individual lawfully appointed and responsible for the duties of the Secretary of the Department of the Army.

8. Defendant David M. Walker, the U.S. Comptroller General, is the individual lawfully appointed and responsible for the duties of the United States Comptroller General.

9. The Defendant Mitt Romney, is the Governor of The Commonwealth of Massachusetts. Governor Romney has, in conjunction with the Massachusetts National Guard Adjutant General, legal and management responsibility for the acts and omissions of the Massachusetts National Guard.

10. The Defendant Brigadier General Oliver J. Mason, Jr., is the Adjutant General of the Massachusetts National Guard, and he has, in conjunction with Governor Romney, legal and management responsibility for the acts and omissions of the Massachusetts National Guard (the "MNG").

11. Defendant Martin J. Denison, the Comptroller of The Commonwealth of Massachusetts, is the individual lawfully appointed and responsible for the duties of the Comptroller of The Commonwealth of Massachusetts.

12. Defendant Colonel Leonard Samborowski, is the individual lawfully appointed and responsible for the duties of the Inspector General of the Massachusetts National Guard.



3

13. This Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1346.

14. This Complaint arises out of injuries to the Plaintiffs caused by officers of the MNG, who intentionally and negligently violated the Plaintiffs' rights under the United States Constitution, as well as other violations of federal statutes and executive regulations.

15. The Plaintiffs are protected by certain guarantees under the Constitution and further protected by specific rights legislated by the Untied States Congress. Congress has exercised power to establish a system of authority and justice to regulate military life, taking into account the special patterns of command and service that define military life and provide structure and protection for those performing their military duty. This system of authority is called the "chain of command" and is set forth by federal statutes and regulations, and must be followed for military command and control, jurisdictional, discipline, and legal purposes.

16. The actions by the Defendants have violated and betrayed that system of authority and the Plaintiffs and hundreds of other MNG soldiers have incurred substantial personal and financial harm as a result.

17. Venue is proper in this District as the majority of the Plaintiffs reside in Massachusetts, and the Massachusetts Defendants perform their administrative functions in Massachusetts.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of "All persons who served active duty in the Massachusetts National Guard, during the period September 14, 2001 through December 31, 2005 (the "Class Period"), who are owed payment of Per Diem Allowance(s) for meals, lodging and related incidental expenses, under applicable law including the Joint Federal Travel Regulation and Continental US Per Diem Rate schedules". Excluded from the Class are any members of the Massachusetts National Guard Adjutant General's senior command having direct or indirect involvement in the wrongdoing specified herein, including but not limited to: Major (MAJ) Margaret White, Lieutenant Colonel (LTC) Daniel DuPont, Lieutenant Colonel

(LTC) Richard C. Nagle, Colonel (COL) Oliver Mason, Colonel (COL) Jay Francis Daley, Colonel (COL) Frank Baran, Lieutenant Colonel (LTC) Christopher Henes, and Colonel (COL) Barry Lischinsky, all of whom are stationed at MNG Headquarters at Milford, Massachusetts.

19. The Class consists of hundreds of persons located throughout the Commonwealth of Massachusetts and the Eastern United States. Thus, the members of the Class are so numerous that joinder of all Class members in impracticable. The exact number of Class members is not presently known to Plaintiffs, but can readily be determined by appropriate discovery.

20. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent in class action litigation. Plaintiffs are members of the Class they seek to represent, and they have no interests that are adverse or antagonistic to those of the Class. Plaintiffs seek by this action to prove that the same wrongdoing that caused their damages also caused the damages suffered by members of the Class.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein. Without class action procedure the numerous members of the Class are unlikely to otherwise receive any form of relief and/or the money they are owed.

22. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether federal laws, including but not limited to 32 U.S.C. § 502(f), 37 USC § 404 and § 411 have been violated by Defendants' acts and omissions, as alleged herein;

(b) Whether Defendants breached fiduciary duties owed to Plaintiffs and the members of the Class by failing to act prudently and solely in the interest of the Massachusetts National Guard and the soldiers that constitute the MNG; and

(c) Whether Plaintiffs and the members of the Class have sustained injury by reason of Defendant's actions and omissions.

23. The representative Plaintiffs' claims are typical of the claims of the class. Plaintiffs envision no difficulty in the management of this litigation as a Class Action.

24. Beginning September 12, 2001, the Massachusetts National Guard Adjutant General ordered Plaintiffs and many other MNG soldiers, to active duty for special work, for approximately six month increments. The soldiers' official military orders (herein the "Orders") stated in pertinent part:

> "Period (TDY) [ . . . ] (a) GOVERNMENT QUARTERS NOT AVAILABLE; (b) GOVERNMENT MEALS ARE NOT AVAILABLE; [and] (c) PER DIEM: NOT AUTHORIZED."

Examples of the Orders issued to the Plaintiffs are attached hereto as Exhibit A.

25. Under applicable provisions of the United States Code, the Plaintiffs were and remain entitled to TDY (Temporary Duty Travel and Transportation Allowance) reimbursement compensation for expenses incurred by them for meals and lodging while away from home performing active duty. Specifically, 37 U.S.C. §404(a)(4) states:

> (a) Except as provided in subsection (f) and under regulations prescribed by the Secretaries concerned, a member of a uniformed service is entitled to travel and transportation allowances for travel performed or to be performed under orders, without regard to the comparative costs of the various modes of transportation-- [ ... ]
>
> (4) when away from home to perform duty, including duty by a member of the Army National Guard of the United States or the Air National Guard of the United States, as the case may be, in his status as a member of the National Guard, for which he is entitled to, or has waived, pay under this title; and [Emphasis Supplied.]

26. Further, 37 U.S.C. §411 states: "For the administration of sections 404(a), (b), and (d) to (f), 404a, 405, 405a, 406(a) to (f), 407, 409, and 410 of this title, the Secretaries [of the Departments] concerned shall prescribe regulations that are, as far as practicable, uniform for all of the uniformed services." See 37 U.S.C. §§ 404, 411 and 32 U.S.C. §502, attached Exhibit B.


6

27. Upon information and belief, which the Plaintiffs believe to be true, the Defendants' policy to deny Plaintiffs TDY reimbursement compensation, is inconsistent with the practices and regulations of the United States Armed Forces, in violation of 37 U.S.C. §411.

28. Upon information and belief, which the Plaintiffs believe to be true, the decision to not authorize and/or pay the expense reimbursement allowances to the Plaintiffs and others similarly situated, was the product of a consciously chosen course of conduct on the part of the Defendants. Upon information and belief, which the Plaintiffs believe to be true, such decision(s) were based in whole or in part upon budgetary constraints and fiscal considerations, apart from any assessment of the legal obligations imposed by the Department of Defense Joint Federal Travel Regulations and other applicable laws.

29. The effect and result of the Orders was mandatory attendance by the Plaintiffs at the locations required by the Orders, often over a hundred miles from their residences, where they were required to perform their duties as MNG soldiers, and to eat and sleep away from home, without any form of quarters and/or ration allowances from the Defendants, and without any form of reimbursement or compensation for the costs of the meals or lodging that they funded out of their personal, private funds.

30. Plaintiffs and many other MNG soldiers knew and understood the Orders and the financial effect of the Orders to be improper, and violations of their rights as soldiers on active duty to receive TDY reimbursement compensation. The Plaintiffs at various times and at various opportunities complained to their chain of command, demanding that they receive new active duty orders, designating eligibility for "Per Diem" TDY reimbursement compensation for their meals and lodging.

31. Notwithstanding these complaints and demands, the Plaintiffs were told by their senior officers to feel "welcome to Massachusetts", and they were further told to discontinue their complaints and demands for TDY reimbursement compensation by statements to the effect that "If you don't like this arrangement we'll make sure you get taken off this mission."



7

32. The receipt of such responses had a chilling effect. Plaintiffs were made to understand by their senior officers, that in the event they complained further or made further demands for the TDY reimbursement compensation they believed they were owed, they would either lose their active duty orders or suffer negative repercussions on their military careers.

33. At all times that Plaintiffs sought to enforce their rights to the TDY reimbursement compensation, they were ordered and advised by their senior officers that they had no recourse for their claims other than through their "chain of command." Upon receipt of such orders the Plaintiffs concluded that they could not seek the TDY reimbursement compensation they felt they were owed, without extreme and negative repercussions on their military careers.

34. Plaintiffs therefore sought the assistance of a senior noncommissioned officer, Master Sergeant (MSG) Louis P. Tortorella, who shared Plaintiffs' belief that the Defendants owed the affected soldiers, including the Plaintiffs, the TDY reimbursement compensation.

35. In or about June 2003, MSG Tortorella asked his senior officer, Captain (then Lieutenant) Mark Fitzgerald, about the Plaintiffs' entitlement to TDY reimbursement compensation, and in response Lieutenant Fitzgerald ordered Tortorella to discontinue Plaintiffs' demands or pursue them only through his "chain of command."

36. In or about June 2003, MSG Tortorella next asked Lieutenant Fitzgerald's senior officer, LTC Daniel DuPont, about the Plaintiffs' entitlement to TDY reimbursement compensation, and in response LTC DuPont ordered Tortorella to discontinue Plaintiffs' demands or pursue them only through his "chain of command."

37. On or about July 2003, MSG Tortorella filed a formal congressional complaint with his United States Senator, John E. Sununu. Senator Sununu sent a congressional inquiry on behalf of his constituent to MSG Tortorella's chain of command requesting information on TDY reimbursement entitlement. In a letter dated March 19, 2004, LTC Richard C. Nagle, Assistant Chief of Staff, informed Senator Sununu that MSG Tortorella was not entitled to any

"additional pay, retroactive or Per Diem." In a letter dated March 8, 2004, from the Office of Legislative Liaison, National Guard Bureau, MSG Tortorella was further informed that his "concerns [were] most appropriately addressed by his chain of command." See Exhibit C.

38. From and after Plaintiffs' pursuit of their rights to the TDY reimbursement compensation, some Plaintiffs received new orders from the Defendant MNG Adjutant General, assigning them to the very same active duty assignments, at the very same locations at which Plaintiffs had up to that time been performing their duties under the Orders, but this time under a so-called "PCS" (Permanent Change of Station) basis (the Plaintiffs' "New Orders").

39. Plaintiffs who moved their residences pursuant to the New Orders were not reimbursed in accordance with military regulations. Reimbursements Defendants failed to pay include, but are not limited to: Permissive TDY, Temporary Lodging Expense (TLE), Dislocation Allowance (DLA), Mileage Reimbursement and Shipment of Household Goods.

40. The meaning of the Plaintiffs' New Orders was that they were permanently assigned to the very same duty locations as designated in the Orders, but on a permanent basis thereby making them legally ineligible for any future TDY reimbursement compensation. Plaintiffs know of no reason for Defendants' issuance of the New Orders to Plaintiffs, other than to effect more efficiently, the Defendants' improper policy of refusing and failing to pay Plaintiffs the TDY reimbursement compensation that they are owed.

41. After complaint and protest over non-payment of the expense reimbursement allowances by the Defendants, some members of the Class received payment of the allowances owed them under applicable law and regulations. Subsequent to payment of the allowances, some members of the Class were misinformed by their commanding officers that payment of such allowances was to be discontinued on an "Air Force Wide" basis, and warned that in the event they continued to require payment of the allowances, their "orders will not be renewed", effectively meaning they would be laid off their jobs. Some members of the Class who were so informed, were later approached by their commanding officers with a so-called "sign it now" document in hand, and were told by their commanding officers that if they signed the "sign it now" document, effectively waiving payment of the expense reimbursement allowances due



9

them, their orders would be renewed. Some members of the Class did so, but were not allowed to retain a copy of what they signed, and each is continuing to work in support of the Massachusetts National Guard, but without payment of the expense reimbursement allowances required by applicable law.

42. Over the course of their performance of their duties, Plaintiffs and members of the Class, received information from other MNG soldiers performing the exact same or similar active duty orders, that such other soldiers were receiving payment of expense reimbursement allowances, while performing the exact same or similar duties. Plaintiffs and other members of the Class have never been able to determine the reason(s) for the Defendants' payment of the expense reimbursement allowances to some of their fellow soldiers, for exactly the same or similar duty, while they were deprived of such payment and allowances. Further, on a single isolated occasion known to the representative Plaintiffs (viz., a thirty day mission at Westover Air Force Base), the Defendant MNG did pay the meals portion of the expense reimbursement allowances and also paid for the lodging portion (by remittance directly to a motel), despite Plaintiffs' orders stating "No Per Diem Authorized".

43. All senior officers to whom Plaintiffs expressed their concerns, questions, and demands for TDY reimbursement compensation, knew or should have known, that the Orders, by their very terms, contradicted applicable law including, but not limited to, 32 U.S.C. § 502(f), 37 U.S.C. §404(a)(4), 37 U.S.C. §411(a), Army Regulation 37-104-4.

## COUNT ONE

## Breach of 32 U.S.C. §502(f)

44. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

45. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 32 U.S.C. §502(f).

46. Plaintiffs have suffered, and continue to suffer, monetary damages as a result


10

## COUNT TWO

## Breach of 37 U.S.C. §404

47. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

48. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 37 U.S.C. §404.

49. Plaintiffs have suffered, and continue to suffer, monetary damages as a result.

## COUNT THREE

## Breach of 37 U.S.C. §411

50. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

51. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 37 U.S.C. §411.

52. Plaintiffs have suffered and continue to suffer money damages as a result.

## COUNT FOUR

## Breach of Fiduciary Duty

53. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

54. During the Class Period the Defendants received from the United States Congress funding sufficient and adequate to pay to the Plaintiffs the TDY reimbursement compensation that they are owed. In fact, the Defendants Commonwealth of Massachusetts, Massachusetts National Guard, its Adjutant General and Inspector General, are charged with,

and have assumed by their actions, the legal responsibility of management and allocation of funds from the Defendant United States, US Secretary of Defense and Department of the Army, to ensure that the Plaintiffs are paid all compensation and reimbursement to which they are legally entitled, including but not limited to the TDY reimbursement compensation.

55. During the Class Period the Defendants acted as fiduciaries over all of the funds entrusted to them by Congress for payment as compensation to the Plaintiffs. This fiduciary responsibility was and presently is a duty owed to the Plaintiffs and all other MNG soldiers.

56. Massachusetts laws imposes upon a fiduciary a duty of loyalty to discharge responsibilities in the interest of the persons to whom the fiduciary duty is owed, and the fiduciary is bound by the law to do so with the same care, skill, prudence, and diligence, that a prudent man would use and apply.

57. During the Class Period and before, the Defendants breached their fiduciary duties to manage and pay the funds entrusted to them for remittance to the Plaintiffs, by failing to observe and obey the laws of the United States, and its applicable regulations.

58. A fiduciary's duties of loyalty also entail a duty to conduct an independent investigation into possible misapplication of the law in its administration and payment of the Plaintiffs' and other soldiers' compensation and allowances for active duty. From the inception of the Class Period, and through the time(s) of inquiries from MSG Tortorella, and US Senator Sununu on his behalf, the Defendants breached this duty of investigation and monitoring with respect to the compensation of MNG soldiers on active duty. During the Class Period, none of the Defendants could have reasonably made a determination that the Plaintiffs were not entitled to some form of TDY reimbursement compensation.

59. As a result of the foregoing conduct the Defendants have breached and violated their fiduciary duty to the Plaintiffs, and the Plaintiffs have suffered and continue to suffer money damages as a result.


12

## COUNT FIVE

### Breach of Contract (Express and Implied)

60. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

61. At all times during the Class Period, the Plaintiffs were the employees of the Defendant Massachusetts National Guard and its Adjutant General.

62. The terms of this employment were expressly agreed to between the parties and/or were implied in the conduct of the parties.

63. The MNG's failure: (A) To abide by applicable Massachusetts and federal employment laws; (B) To pay to Plaintiffs the compensation and allowances due them; and (C) To pay Plaintiffs reimbursement for expenses reasonably incurred by them in the course of their employment; in each case constitutes a breach of the MNG's employment agreement with Plaintiffs.

64. Plaintiffs have suffered, and continue to suffer, monetary damages as a result.

## COUNT SIX

### Breach of Covenant of Good Faith and Fair Dealing

65. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

66. By virtue of the express and implied contract that exists between the parties, the MNG owes a duty to Plaintiffs to deal with Plaintiffs fairly and in good faith.

67. The MNG's failure: (A) To abide by applicable Massachusetts and federal employment laws; (B) To pay to Plaintiffs the compensation and allowances due them; and (C) To pay Plaintiffs reimbursement for expenses reasonably incurred by them in the course of their



13

employment; in each case constitutes a breach of the MNG's duty to deal with Plaintiffs fairly and in good faith.

68. Plaintiffs have suffered and continue to suffer money damages as a result.

**COUNT SEVEN**

**Damages For Non-Payment of Wages (M.G.L. c. 149, sec. 148)**

69. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

70. Plaintiffs have not attempted to secure action by the Massachusetts Attorney General's Office to remedy the matters complained of herein for the reasons that: (A) The majority of the alleged acts and omissions that form the basis for the Plaintiffs' causes of action at this time, were taken by the Massachusetts Defendants, and it would be futile to request the Massachusetts Attorney General to commence this action against the Massachusetts Defendants; (B) The Massachusetts Attorney General's representation of the Plaintiffs' interests would not involve simple administrative processing, but rather significant discretion as to serious sanctions under Massachusetts law, e.g., M.G.L. c. 149, sec. 27C ($25,000 fine, or 1 year imprisonment; civil penalties up to $15,000 per infraction, per week, etc.), and it would be a conflict of interest for the Attorney General to decide and advise the Plaintiffs and members of the Class on such available action(s) against the Commonwealth; and (C) The purpose of the procedure under M.G.L. c. 149, sec. 150, is to give notice to the Massachusetts Attorney General of actions against Massachusetts employers, so that it may keep records of such allegations, enabling it to decide whether to commence civil or criminal actions. Notice of Plaintiffs' complaints against the Massachusetts Defendants has been effected and the purpose of the procedure has been satisfied.

71. The MNG's failure to pay to Plaintiffs wages and reimbursement of expenses reasonably incurred, constitutes a failure to pay wages due Plaintiffs for which they are entitled to recover money damages, and their costs and legal fees, under M.G.L. c. 149, sec. 148.

## COUNT EIGHT

### Equal Protection

72. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

73. Plaintiffs and members of the Class are all soldiers now or formerly serving in the Massachusetts National Guard, who were mobilized to service of the United States under active duty orders issued by the Massachusetts Adjutant General, and funded by Federal monies under authority of the United States Code.

74. By actions and decisions of the Defendants, Plaintiffs and members of the Class have been wrongfully treated in a manner differing from the treatment of other national guard soldiers serving under this category of active duty orders, including those serving under such orders with other states' national guard components of the armed services.

75. The Constitutional guarantee of equal protection of the laws requires that all persons shall be treated alike under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed by the state. The Defendants are public bodies and institutions of the state, and are required by law to treat similarly situated individuals in a similar manner.

76. Plaintiffs and members of the Class are entitled to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, and due process of law under the Fifth and Fourteenth Amendments of the United States Constitution, and counterpart provisions of Massachusetts law.

77. The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.



15

78. Upon information and belief, which the Plaintiffs believe to be true, the Defendants' treating the Plaintiffs and members of the Class differently from others similarly situated was intentional, and no rational basis exists for this difference in treatment.

79. Defendants' actions and omissions have resulted in the distribution of benefits, in the form of expense reimbursement allowances, to members of the Massachusetts National Guard, unequally without any form of basis or reason. The Defendants violation of the constitutional rights of the Plaintiffs and members of the Class, was and remains irrational and wholly arbitrary.

80. Plaintiffs have suffered and continue to suffer monetary damages as a result.

## COUNT NINE

## Fifth Amendment Taking

81. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

82. The Fifth Amendment to the United States Constitution provides: "No person shall [ . . . ] be deprived of [ . . . ] property, without due process of law; nor shall private property be taken for public use, without just compensation.

83. The Plaintiffs and members of the Class had a private property interest in the expense reimbursement allowances that the Defendants paid to them.

84. The Defendants' actions in terminating the expense reimbursement allowances paid to the Plaintiffs and members of the Class, constituted a taking of their property without just compensation.

85. Plaintiffs and members of the Class have suffered and continue to suffer monetary damages as a result.


16

## COUNT TEN

### Punitive Damages

86. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

87. The Defendant MNG's refusal and failure to respond to any of Plaintiffs' inquiries and demands, and its abuse of the administrative and chain of command system to serve its own purposes of avoiding payment of funds to the Plaintiffs, have forced Plaintiffs to resort to litigation. As such, Plaintiffs are entitled to an award of a reasonable sum of punitive damages under Massachusetts common law and the Massachusetts Constitution, as well as an award of their costs of prosecution of this action and a reasonable attorney's fee.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

A. That this Court certify this action as a class action on behalf of the proposed class under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B. Designation of Plaintiffs Louis P. Tortorella, Wayne R. Gutierrez and Joseph P. Murphy, and Steven M. Littlefield, as representatives of the class;

C. Designation of Plaintiffs' Counsel of Record as Class Counsel;

D. Enjoin the irrational and wholly arbitrary distribution of expense reimbursement allowances to members of the Massachusetts National Guard in violation of the Plaintiffs' constitutional rights to equal protection;

D. Award money damages to Plaintiffs on each count of Plaintiffs' Complaint in an amount to be determined at trial;

E. Treble such amount of damages, and award Plaintiffs their costs and attorney's fees as provided for by M.G.L. c. 149;


17

F. Award exemplary and punitive damages in an appropriate amount to deter future conduct;

G. Order that Defendants' wrongful conduct estops each from raising any affirmative defenses to this Complaint;

H. Award interests, costs and attorneys' fees to the Plaintiff; and

I. Grant Plaintiffs such other relief as this Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

LOUIS P. TORTORELLA,
WAYNE R. GUTIERREZ,
JOSEPH P. MURPHY and
STEVEN M. LITTLEFIELD

Plaintiffs, By Their Attorneys

JOHN SHEK, ESQ.
Weston, Patrick, Willard & Redding
84 State Street, 11th Floor
Boston, MA 02109
(617) 742-9310
(BBO# 457330)

Date Signed: December 27, 2007

~~Constance A. Driscoll, Esq.~~
~~Stevens Law Office~~
~~127 Mountain Road~~
~~Stowe, VT 05672~~
~~Phone (802) 253-8547~~

~~Dated: March 2, 2006~~

# EXHIBIT A

# SGT LITTLEFIELD



10/02/2002 WED 10:00 FAX

031/0

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 275-144

02 October 2002

LITTLEFIELD STEVEN L 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 SPC HHB 42ND DIVISION ARTY
(PFJAA-231) 13 FIRETOWER RD
REHOBOTH MA 02769

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 01 October 2002 - 31 March 2003
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 1 OCT 02
Purpose: Enhanced Force Protection
Additional instructions:

(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) THE GOVERNMENT'S OBLIGATION OF FY03 FUNDS IS CONTINGENT UPON CONGRESS ENACTING APPROPRIATION OR CONTINUING RESOLUTION AUTHORITY (CRA).
(f) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(g) FCA CODE: F9FF1
(h) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(i) MILEAGE WILL BE PAID ON DA FORM 702, LES.
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED: ______ DATE: 2 OCT 02 RT MILEAGE: 74
TYPED NAME, RANK: ______
(k) BHA/VHA ZIP : 02542-5003

FOR ARMY USE
Auth: 32 502(F)(1) Confirms verbal orders of the Adjutant General, MA, 26 September 2002
HOR: D2-11 LYNDON LANE HALIFAX MA02338
APC: C5BF12 Type duty code F12 Operational Training
Acct clas:
Enl pay/alw: 2132060 18-1019 P2G32.1100-1198/1199/1210/1250 S19083 PFP PFJAA
Enl tvl/pd: 2132060 18-1019 P2G32.1100-21T2 S19083 PFP PFJAA
SRN: LIT0188275144* Cost Estimate: $ 16,372
PEBD: 000331
Federal WE: S00
State tax code: MA
Marital status / Number of dependents: S00

Type of incentive pay: NONE
Type of special pay: NONE
Scty cl: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\///////////
HQ, MAARNG
OFFICIAL
\\\\\\\\\\\\\\\\\\\\\\\\\\///////////

JAY F. DALEY
Lieutenant Colonel, IN
Director of Personnel

DISTRIBUTION:
SFOR10

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 038-161 07 February 2003

Following order is amended as indicated.

So much of: Orders 275144 this Hq dtd 02 October 2002

Pertaining to:

ADSW for LITTLEFIELD STEVEN L 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 SPC HHB 42ND DIVISION ARTY
(PFJAA-231) 13 FIRETOWER RD REHOBOTH MA 02769

As reads: Period (TDY) : 01 October 2002 - 31 March 2003
Now changed: Period (TDY) : 01 October 2002 - 30 September 2003
Auth: 32 502(F)(1)
APC: C5EF12 PM/TDC: PFP F12 Operational Training (Force Protection)
Format: 700 *

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 274-128

01 October 2003

LITTLEFIELD STEVEN M 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 SPC HHB 42ND DIVISION ARTY
(PFJAA-231) 13 FIRETOWER RD REHOBOTH MA 02769

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 01 October 2003 - 31 March 2004
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 01 OCT 03
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(f) MILEAGE WILL BE PAID ON DA FORM 702, LES.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-MS for the duration of this mission
(i) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(j) FCA CODE: F9FP1
(k) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED:__________________DATE:____________RT MILEAGE:______
TYPED NAME, RANK:__________________________
(l) THE GOVERNMENT'S OBLIGATION OF FY04 FUNDS IS CONTINGENT UPON CONGRESS ENACTING APPROPRIATION OR CONTINUING RESOLUTION AUTHORITY(CRA).
(m) RT: 74

FOR ARMY USE
Auth: 32 502(F)(1)
HOR: D2-11 LYNDON LANE HALIFAX MA02338
APC: C5EF12 Type duty code F12 Operational Training (Force Protection)
Acct clas:
Enl pay/alw: 2142060 18-1019 P2L30.0000-1198/1199/1210/1250 S19093 FFP PFJAA
Enl tvl/pd: 2142060 18-1019 P2L30.0000-21T2 S19093 FFP PFJAA
SRN: LIT0188274128* Cost Estimate: $ 18,726
PEBD: 000331
Federal WH: S00
State tax code: MA
Marital status / Number of dependents: S00
ORDERS 274-128 HQ MA NG, OTAG, 01 October 2003

Type of incentive pay: NONE
Type of special pay: NONE
Scty cl: SECRET
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\////////////
JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

10/02/2003 THU 10:47 FAX 022/055

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 160-130

08 June 2004

LITTLEFIELD STEVEN M 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 CPL HHB 42ND DIVISION ARTY
(PFJAA-231) 13 FIRETOWER RD REHOBOTH MA 02769

You are ordered to active duty as a member of your Reserve Component Unit for the period indicated unless sooner released or unless extended. Proceed from your current location in sufficient time to report by the date specified. You enter active duty upon reporting to unit home station.

REPORT TO HOME STATION: 20 June 2004 , CDR, HHB 42ND DIVARTY HV,
REHOBOTH, MA 02769-2696
REPORT TO MOB STATION: 23 June 2004 , CDR, MOBILIZATION STATION,
FORT DRUM, NY
Period of active duty: Not to exceed 545 days
Purpose: SUPPORT OF OPERATION IRAQI FREEDOM (OIF)
Mobilization Category Code: G
Additional instructions:

(a) Sure pay is mandatory. Soldier must bring the appropriate documentation to support the requirement to authorize sure pay to the bank.
(b) Early reporting is not authorized.
(c) Unaccompanied baggage shipment is not authorized. Movement of household goods and dependents is not authorized.
(d) POV is not authorized.
(e) Rental car is not authorized.
(f) Temporary storage of household goods and special storage under joint federal travel regulation (JFTR), paragraph U477-8 is authorized. Storage of privately owned vehicles at government expense is authorized IAW JFTR U5880 "must be approved by the Installation Transportation Officer prior to storing".
(g) Excess accompanied baggage is not to exceed 120 pounds.
(h) Bring with you complete military clothing bag and appropriate personal items.
(i) Soldier will hand carry (if available) complete MPRJ, health, dental, training and clothing records.
(j) Bring copied of rental/mortgage agreement, marriage certificate, birth certificate of children or documentation of dependency or child support, Family care plan, wills, power of attorney, and any other documents affecting the soldier's pay status.
(k) Personnel requiring eye correction will bring two pairs of glasses and eye inserts for a protective mask.
(l) Government quarters and mess will be used.

ORDERS 160-130 HQ MA NG, OTAG, 08 June 2004

Additional instructions (cont):

(m) Call 1-800-336-4590 (National Committee for employer support or the Guard and Reserve) or check on-line at WWW.ESGR.ORG if you have any questions regarding employment/reemployment rights.

(n) Pursuant to presidential executive order 13223, DTD 14 September 2001 you are relieved from your present reserve component status and are ordered to report for a period of active duty not to exceed 25 days for mobilization processing. proceed from your present location in sufficient time to report

by (22 JUN 04). If upon reporting for active duty, you fail to meet deployment medical standards (whether because of a temporary or permanent

(o) medical condition), then you may be released from active duty, returned to your prior reserve status, and returned to your home address. You will be subject to a subsequent order to active duty upon resolution of the disqualifying medical condition. If, upon reporting for active duty, you are found to satisfy medical deployment standards, than you are further ordered to active duty for a period not to exceed (545 days),

(p) such period to include the period (not to exceed 25 days) required for mobilization processing.

FOR ARMY USE

Auth: TITLE 10 USC SECTION 12302

~~Acct clas:~~

Enl pay/alw: 2142010.0000 01-1100 P2X2A00 11**/12** VIRQ F9203 5570 S12120
Enl tvl/pd: 2142020.0000 01-1100 P135198 21**/22**/25** VIRQ F9203 5570 S99999
Enl pay/alw: 2152010.0000 01-1100 P2X2A00 11**/12** VIRQ F9203 5570 S12120
Enl tvl/pd: 2152020.0000 01-1100 P135198 21**/22**/25** VIRQ F9203 5570 S99999

Sex: M
MDC: PM
PMOS/AOS/ASI/LIC: 13C1, , YY
HOR: 265 FELLS POND ROAD , MASHPEE MA02649
DOR: 06-DEC-02
PEBD: 31-MAR-00
Security Clearance: S
Comp: ARNGUS
Format: 165

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\//////////////////////
\\ HQ, MAARNG //
\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\//////////////////////

JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
DCSPERS MOBILIZATION ORDERS

SGT GUTIERREZ



11/14/2004 SUN 14:37 FAX 508 988 5172 MNR FORCE PROTECTION HQ ☑002/008
02/26/2003 WED 15:32 FAX ☑001/002

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 056-230

25 February 2003

GUTIERREZ WAYNE R 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 SGT SVC BTRY 1-101 FA
(PFS30-185) 1069 DWELLY ST FALL RIVER MA 02724

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 25 February 2003 - 30 September 2003
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 25 FEB 03
Purpose: Enhanced Force Protection
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(f) MILEAGE WILL BE PAID ON DA FORM 702, 1SG.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is ATTACHED to DCSOPS-MS for the duration of this mission
(i) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(j) PCA CODE: F5FP1
(k) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED:______________________DATE:__________________RT MILEAGE:______
TYPED NAME, RANK:____________________________________________
(l) MP : 5$

FOR ARMY USE
Auth: 32 502(F)(1)
HOR: 93 SWIFT STREET NEW BEDFORD MA02740
APC: C5E312 Type duty code FTZ Operational Training (Force Protection)
Acct clas:
Enl pay/alw: 2132060 18-2019 P2032.1100-1198/1199/1210/1230 S19093 PF9 PF550
Enl tvl/pd: 2132060 18-1019 P2032.1100-21T2 S19093 PFF PF550
SRN: GUT224505620* Cost estimate: $ 29,457
PEMD: 870503
Federal_MS: M03
State tax code: MA
Marital status / Number of dependents: M02

ORDERS 056-230 HQ MA NG, OTAG, 25 February 2003

Type of incentive pay: NONE
Type of special pay: NONE
Sdty el: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\ HQ, MAARNG //
\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
GARY F. DALEY
Colonel, EN

DISTRIBUTION:
FORCE PROTECTION

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 304-157 31 October 2003

[illegible] WAYNE [illegible] [illegible] SGT [illegible] 1-101 FA (-DET 2)
([illegible]) 5 SYCAMORE STREET NEW BEDFORD MA 02740

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (PCS) : 01 October 2003 - 31 March 2004
Report to: Camp Edwards, MA 02542
Reporting time/date: 0700 / 01 OCT 03
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:

(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED BAS/BAQ [illegible] AUTHORIZED [illegible] AUTHORIZED AN ACTIVE DUTY ID CARD [illegible] FOR PAY ON THE 15TH AND END OF MONTH
(e) SOLDIER AUTHORIZED ONE ROUND TRIP NOT BETWEEN HOR AND DUTY STATION.
(f) MILEAGE WILL BE PAID ON DA FORM 788, [illegible].
(g) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(h) [illegible] CODE: [illegible]
(i) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. [illegible] COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY SIGNED: [signature] DATE: [illegible] MILEAGE: ______ TYPED NAME, RANK: ______
(j) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 71.
(k) Soldier is [illegible] to [illegible] for the duration of this mission
(l) [illegible] MOVEMENT OF HOUSEHOLD GOODS IS AUTHORIZED, OUTSIDE OF LOCAL AREA AS DEFINED IN JFTR FOR DUTY PAY.
(m) [illegible] 88

FOR ARMY USE
Auth: 32 502(f)(1) Confirms verbal orders of the Adjutant General, MA, 26 September 2003
HOR: 322 [illegible] STREET NEW BEDFORD MA02[illegible]
APC [illegible]: [illegible] [illegible] Operational Training (Force Protection)
APC [illegible] Pay: [illegible] APC [illegible] Travel: [illegible]
Acct clas:

Mil pay/alw: [illegible] 19-1919 [illegible].2000-2136/2159/1810/1256 [illegible] [illegible] [illegible]
Mil Cvl/pas: [illegible] 19-2219 [illegible].2000-2174 [illegible] [illegible] [illegible]
Mil Shpt: [illegible] 19-1019 [illegible].2000-2[illegible] [illegible] [illegible] [illegible]
[illegible]: [illegible] [illegible]/CCC: [illegible] Cost Estimate: $ 23,749

[illegible]: [illegible]
Federal HR: [illegible]
State tax code: MA
Marital status / Number of dependents: [illegible]
ORDERS 304-157 HQ MA NG, [illegible], 31 October 2003

Type of incentive pay: NONE
Type of special pay: NONE
[illegible]: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\//////////////
\\ HQ, MAARNG. //
\\ OFFICIAL //
\\\\\\\\\\\\\\\\//////////////

[illegible] E. [illegible]
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 077-174

17 March 2004

GUTIERREZ WAYNE R 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 SGT HHD 1-101 FA (-DET 2)
(PFSTO-101) 5 SYCAMORE STREET NEW BEDFORD MA 02740

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (PCS) : 01 April 2004 - 30 September 2004
Report to: Duty Station is Camp Edwards, MA 02542
Reporting time/date: NLT 0700 01 APR 04
Purpose: Enhanced Force Protection, (Operation Noble Eagle)
Additional instructions:

(a) Government quarters not available.
(b) Government meals are not available.
(c) Per Diem not authorized.
(d) Soldier authorized one round trip POV between HOR and duty station.
(e) Soldier authorized BAS/BAH, soldier authorized TRA, and authorized an Active Duty ID Card.
Process for pay on the 15th and end of month.
(f) Mileage will be paid on DA Form 702, [illegible].
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-HS for the duration of this mission
(i) Do not access into the strength of the Active Army.
(j) POR CODE: FSTP2
(k) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED: [illegible] DATE: [illegible] RT MILEAGE: ____
TYPED NAME, RANK: [illegible]
(l) Contingent upon receipt of appropriated funds. Mission maybe terminated if not in receipt of funds.
(m) RT: 88

FOR ARMY USE
Auth: 32 502(F)(1)
HOR: 322 EARLE STREET NEW BEDFORD MA02746
APC DJMS-RC: C8ET12 TDC F12 Operational Training (Force Protection)
APC STANDING PAY: MPNG APC STANDING Travel: MPNG
Acct clas:
Enl pay/alw: 2142060 13-1019 P2L11.0000-1198/A199/1210/1250 S19093 PTO 8F5TO
Enl tvl/pd: 2142060 13-1019 P2L31.2000-21P6 S19053 PTO 8F5TO
Enl sop: 2142060 13-1019 P2L31.2000-22ML S19093 PTO 8F5TO
SDN: GUTZ2450771744 JOM/CCO: 8F5C38/38RNG Cost Estimate: $ 26,658
PEBD: 870501
Federal MS: M02
State tax code: MA
Marital status / Number of dependents: M02
ORDERS 077-174 HQ MA NG, OTAG, 17 March 2004

Type of incentive pay: NONE
Type of special pay: NONE
Duty cl: NONE
Format: 283

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\ HQ, MAARNG //
\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\//////////////
JAY E. DULEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 279-129 05 October 2004

GUTIERREZ WAYNE R 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 SGT HHB 1-101 FA (-DET 2)
(PTST0-181) 5 SYCAMORE STREET NEW BEDFORD MA 02740

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (PCS) ; 01 October 2004 - 18 October 2004
Report to: Camp Edwards MA 02542
Reporting time/date: WDT 0700 01 OCT 04
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:

(a) Government quarters not available.
(b) Government meals are not available.
(c) Per Diem not authorized.
(d) Soldier authorized one round trip POV between HOR and duty station.
(e) Process for pay on the 15TH and end of month.
(f) Mileage will be paid on DA form 702, 128.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-MS for the duration of this mission
(i) Do not access into the strength of the Active Army.
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY, WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY.
SIGNED: __________ DATE: __________ RT MILEAGE: ______
TYPED NAME, RANK: __________
(k) The government's obligation of FY05 funds is contingent upon congress enacting appropriation or continuing resolution authority (CRA).
(l) Soldier entitled to full benefits; subsequent order with appropriate accounting classifications ending 31 March 2005 will be published upon receipt of proper APC.
(m) PCS MOVE MOVEMENT OF HOUSEHOLD GOODS is AUTHORIZED, OUTSIDE OF LOCAL AREA AS DEFINED IN JFTR FOR DUTY DAY.
(n) RM: 65

FOR ARMY USE
Auth: 32 502(F)(2) Confirms verbal orders of the Adjutant General, MA, 24 September 2004
HOR: 53 SWIFT STREET NEW BEDFORD, MA02740
APC DJMS-RC: CEM57A TDO 57E Special Projects
APC STANFINS Pay: A502 APC STANFINS Travel: A502
Acct clas:
Acl pay/alw:
[redacted]
Type of special pay: NONE
Sdty-ain-NONE
Format: 282

FOR THE ADJUTANT GENERAL:

[redacted]

11/14/2004 SUN 18:39 FAX 508 988 5172 MNR FORCE PROTECTION HQ 008/008

10/14/2004 THU 13:37 FAX 037/062

DEPARTMENT OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 MAPLE STREET, MILFORD, MA 01757

ORDERS 288-141

14 October 2004

GUTIERREZ WAYNE R 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 SGT HHB 1-101 FA (-DET 2)
(PFSTO-X91) 5 SYCAMORE STREET NEW BEDFORD MA 02740

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (PCS) : 16 October 2004 - 31 March 2005
Report to: Camp Edwards, MA 02542
Reporting time/date: NLT 0700 16 OCT 04
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:

(a) Government quarters not available.
(b) Government meals are not available.
(c) Per Diem not Authorized.
(d) Soldier authorized one round trip POV between HOR and duty station.
(e) Soldier authorized BAS/BAH, soldier authorized VHA, and Authorized an Active Duty ID Card, Process for pay on the 15TH and end of month.
(f) Mileage will be paid on DA Form 782, IAW.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-HQ for the duration of this mission
(i) Do not access into the strength of the Active Army.
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED: ____________ DATE: 16 OCT 04 ____ RT MILEAGE: ____
TYPED NAME, RANK: ____________
(k) The government's obligation of FY05 funds is contingent upon congress enacting appropriation or continuing resolution authority (CRA).
(l) PCS MOVE MOVEMENT OF HOUSEHOLD GOODS IS AUTHORIZED, OUTSIDE OF LOCAL AREA AS DEFINED IN JFTR FOR DUTY DAY.
(m) RT: 98

FOR ARMY USE
Auth: 32 502(F)(1)
HOR: 92 SWIFT STREET NEW BEDFORD MA02740
APC DJMS-RC: ORFF1Z TPC F12 Title 32 ONOT/Force Protection
APC STANFINS Pay: H7HC APC STANFINS Travel: HPHC
Acct clas:
Enl pay/alw: 2152060 18-1019 P2131.0000-1198/1155/1210/1280 S15093 PTO PFSTO
Enl tvl/pd: 2152060 18-1019 P2131.0000-2124 S15093 PTO PFSTO
Enl Shp: 2152060 18-1019 P2131.0000-22NL S15093 PTO PFSTO
MAN: GUTZ4452298141* UDN/CCC: HPNC36/30PRHU Dest Mattapoisett, 8 24,716
PEBD: 870502
Federal WH: M00
State tax code: MA
Marital status / Number of dependents: M02Type of incentive pay: NONE
Type of special pay: NONE
Duty ol: NONE
Format: 262

FOR THE ADJUTANT GENERAL

\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\//////////////
JAY F. DALEY
COLONEL, IN
DIRECTOR OF THE PERSONNEL

DISTRIBUTION:
FORCE PROTECTION

**SPC MURPHY**

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 158-148 07 June 2002

MURPHY JOSEPH P 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 SFC 1164TH TRANSPORTATION CO
(QJDAA-435) 522 CONCORD STREET FRAMINGHAM MA 01701

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 06 May 2002 - 30 September 2002
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 06 MAY 02
Purpose: Enhanced Force Protection
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) CONTINGENT UPON RECEIPT OF APPROPRIATED FUNDS. MISSION MAYBE TERMINATED IF NOT IN RECEIPT OF FUNDS.
(f) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(g) FCA CODE: F9B81 / APC: GOLY97
(h) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(i) MILEAGE WILL BE PAID ON DA FORM 702, LES.
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED:______________________DATE:________________AT MILEAGE:______
TYPED NAME, RANK:_______________________________________________
(k) BAS/VHA ZIP: 02542-5003

FOR ARMY USE
Auth: 32 502(F)(1) Confirms verbal orders of the Adjutant General, MA, 01 May 2002
HOR: 27 FOSTER CIRCLE ANDOVER MA01810
APC: C5HF12 Type duty code: F12 Operational Training
Acct clas:
Enl pay/alw: 2122060 18-1019 P2G32.1100-1190/1189/1210/1250 S19093 2FF QJDAA
Enl tvl/pd: 2122060 18-1019 P2G32.1100-2172 S19093 2FF QJDAA
SRN: NOR7933158149* Cost Estimate: $ 16,469
PMSD: 000313
Federal WE: S00
State tax code: MA
Marital status / Number of dependents: S00

ORDERS 158-148 HQ MA NG, OTAG, 07 June 2002

Type of incentive pay: NONE
Type of special pay: NONE
Scty cl: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\\\////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\////////////

JAY P. DALEY
Lieutenant Colonel, IN
Director of Personnel

DISTRIBUTION:
SFOR10

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 275-166

02 October 2002

MURPHY JOSEPH P 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 SPC 1164TH TRANSPORTATION CO
(QJDAA-435) 522 CONCORD STREET FRAMINGHAM MA 01701

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 01 October 2002 - 31 March 2003
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 1 OCT 02
Purpose: Enhanced Force Protection
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) THE GOVERNMENT'S OBLIGATION OF FY03 FUNDS IS CONTINGENT UPON CONGRESS ENACTING APPROPRIATION OR CONTINUING RESOLUTION AUTHORITY(CRA).
(f) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(g) FUA CODE: F9FP1
(h) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(i) MILEAGE WILL BE PAID ON DA FORM 702, LES.
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY, WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED: *[signature]* DATE: *2 Oct 02* RT MILEAGE: *180*
TYPED NAME, RANK: *Daniel A. Dupont LT*
(k) BAA/VHA ZIP : 02642-5003

FOR ARMY USE
Auth: 32 502(F)(1) Confirms verbal orders of the Adjutant General, MA, 26 September 2002
HOR: 27 FOSTER CIRCLE ANDOVER MA01810
APC: CSEF12 Type duty code F12 Operational Training
Acct clas:
Enl pay/alw: 2132060 18-1019 P2032.1100-1198/1199/1210/1250 S19093 PFP QJDAA
Enl tvl/pd: 2132060 18-1019 P2032.1100-2172 S19093 PFP QJDAA
SRN: MUR79352TS166* Cost Estimate: $ 20,543
PEBD: 000313
Federal WE: 500
State tax code: MA
Marital status / Number of dependants: 500

Type of incentive pay: NONE
Type of special pay: NONE
Scty cl: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
JAY F. DALEY
Lieutenant Colonel, IN
Director of Personnel

DISTRIBUTION:
SFOR10

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 275-237

02 October 2002

Following order is amended as indicated.

So much of: Orders 275166 this Hq dtd 02 October 2002

Pertaining to:

ADSW for MURPHY JOSEPH P 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 SPC 1164TH TRANSPORTATION CO
(QJDAA-435) 522 CONCORD STREET FRAMINGHAM MA 01701

As reads: NA
Now changed: The Force Protection Liaison Officer is deemed the Cmdr for disciplinary purposes in accordance with MGL Chapter 33, section 74
Soldier is OPCON to DCSOPS-MS for the duration of mission
Auth: 32 502(F)(1)
APC: C5EF12 PM/TDC: PFP F12 Operational Training
Format: 700

FOR THE ADJUTANT GENERAL:

HQ, MAARNG
OFFICIAL

JAY F. DALEY
Lieutenant Colonel, IN
Director of Personnel

DISTRIBUTION:
SFOR10

□

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 051-190

20 February 2003

Following order is amended as indicated.

So much of: Orders 275131 this Hq dtd 02 October 2002

Pertaining to:

ADSW for TORTORELLA LOUIS P 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 SFC 101ST MAINTENANCE CO (GS)
(PDNAA-441) 21 OAK STREET LEOMINSTER MA 01453

As reads: Period (TDY) : 01 October 2002 - 31 March 2003
How changed: Period (TDY) : 01 OCtober 2002 - 30 September 2003
Auth: 32 502(F)(1)
APC: C5EF12 PM/TDC: PFP F12 Operational Training (Force Protection)
Format: 700 *

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\////////////
JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

□

04/23/2003 WED 7:38 FAX 002/008

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 112-166

22 April 2003

MURPHY JOSEPH F 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 SPC 1164TH TRANSPORTATION CO
(QJDAA-435) 522 CONCORD STREET FRAMINGHAM MA 01701

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 06 April 2003 - 30 September 2003
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 06 APR 03
Purpose: Enhanced Force Protection
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(f) MILEAGE WILL BE PAID ON DA FORM 702, LES.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-MS for the duration of this mission
(i) TCA CODE: F5FF1
(j) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY. WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED:________________ DATE:________________
TYPED NAME, RANK:________________ RT MILEAGE:________
(k) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(l) RT: 180

FOR ARMY USE
Auth: 32 502(F)(1) Confirms verbal orders of the Adjutant General, MA, 01 April 2003
HOR: 27 FOSTER CIRCLE ANDOVER MA01810
APC: C5EF12 Type duty code F12 Operational Training (Force Protection)
Acct clas:
Enl pay/alw: 2132060 18-1019 P2G32.1100-1198/1199/1210/1250 S19093 FFF QWDAA
Enl tvl/pd: 2132060 18-1019 P2G32.1100-21T2 S19093 FFF QUDAA
SRN: MUR7938112166* Cost Estimate: $ 20,787
PEBD: 000323
Federal Tx: S00
State tax code: MA
Marital status / Number of dependents: N00
ORDERS 112-166 HQ MA NG, OTAG, 22 April 2003

Type of incentive pay: NONE
Type of special pay: NONE
Sqty cl: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

HQ, MAARNG
OFFICIAL

GARY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 274-166

01 October 2003

MURPHY JOSEPH P 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 SPC 1164TH TRANSPORTATION CO
(QJDAA-438) 522 CONCORD STREET FRAMINGHAM MA 01701

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (TDY) : 01 October 2003 - 31 March 2004
Report to: Camp Edwards, MA
Reporting time/date: 0700 / 01 OCT 03
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:

(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(e) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA
AUTHORIZED AN ACTIVE DUTY ID CARD
PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(f) MILEAGE WILL BE PAID ON DA FORM 702, IAW.
(g) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(h) Soldier is OPCON to DCSOPS-MS for the duration of this mission
(i) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(j) FCA CODE: F9FF1
(k) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY, WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED:____________________ DATE:____________ RT MILEAGE:______
TYPED NAME, RANK:____________________
(l) THE GOVERNMENT'S OBLIGATION OF FY04 FUNDS IS CONTINGENT UPON CONGRESS ENACTING APPROPRIATION OR CONTINUING RESOLUTION AUTHORITY (CRA).
(m) RT: 180

FOR ARMY USE
Auth: 32 502(F)(1)
HOR: 27 FOSTER CIRCLE ANDOVER MA01810
APC: C5EF12 Type duty code F12 Operational Training (Force Protection)
Acct clas:
Enl pay/alw: 2142060 18-1019 P2L30.0000-1198/1199/1210/1250 S19032 FFP QJDAA
Enl tvl/pd: 2142060 18-1019 P2L30.0000-21T2 S19032 FFP QJDAA
SRN: MUR7938274166* Cost Estimate: $ 21,890
PEBD: 000313
Federal WH: S00
State tax code: MA
Marital status / Number of dependents: N00
ORDERS 274-166 HQ MA NG, OTAG, 01 October 2003

Type of incentive pay: NONE
Type of special pay: NONE
Sdty cl: NONE
Format: 282

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\\\ HQ, MAARNG //
\\\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\//////////////

JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

11/12/2003 WED 9:47 FAX 006/008

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 Maple Street Milford, MA 01757

ORDERS 304-187 31 October 2003

MURPHY JOSEPH P 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 SPC 1164TH TRANSPORTATION CO
(QJDAA-435) 522 CONCORD STREET FRAMINGHAM MA 01701

You are ordered to active duty for special work (ADSW) for the period shown plus allowable travel time. Upon completion of the period of ADSW unless sooner released or extended by proper authority, you will return to the place where you entered ADSW and be released from such duty.

Period (PCS) : 01 October 2003 - 31 March 2004
Report to: Camp Edwards, MA 02542
Reporting time/date: 0700 / 01 OCT 03
Purpose: Enhanced Force Protection (Operation Noble Eagle)
Additional instructions:
(a) GOVERNMENT QUARTERS NOT AVAILABLE.
(b) GOVERNMENT MEALS ARE NOT AVAILABLE.
(c) PER DIEM NOT AUTHORIZED.
(d) SOLDIER AUTHORIZED BAS/BAQ SOLDIER AUTHORIZED VHA AUTHORIZED AN ACTIVE DUTY ID CARD PROCESS FOR PAY ON THE 15TH AND END OF MONTH
(e) SOLDIER AUTHORIZED ONE ROUND TRIP POV BETWEEN HOR AND DUTY STATION.
(f) MILEAGE WILL BE PAID ON DA FORM 702, DMZ.
(g) DO NOT ACCESS INTO THE STRENGTH OF THE ACTIVE ARMY.
(h) FCA CODE: F9TR1
(i) I CERTIFY THAT I HAVE PERSONAL KNOWLEDGE OR I HAVE PERSONALLY VERIFIED THE DUTY REQUESTED ABOVE HAS BEEN PERFORMED. 1-7 DAYS DUTY SUBMIT THIS SIGNED ORDER AFTER COMPLETION OF DUTY. OVER 7 DAYS TO INCLUDE LONG TOURS SUBMIT ON FIRST DAY OF DUTY WITH THE COMPLETION CERTIFICATE ON THE LAST DAY OF DUTY
SIGNED: [signature] DATE: 9 OCT 03 POV MILEAGE: ______
TYPED NAME, RANK: ______
(j) The Force Protection Liaison Officer is deemed the commander for disciplinary purposes in accordance with MGL Chapter 33, section 74.
(k) Soldier is OPCON to DOSOPS-MS for the duration of this mission
(l) PCS MOVE MOVEMENT OF HOUSEHOLD GOODS IS AUTHORIZED, OUTSIDE OF LOCAL AREA AS DEFINED IN JFTR FOR DUTY DAY.
(m) RT: 180

FOR ARMY USE
Auth: 32 502(F)(2) Confirms verbal orders of the Adjutant General, MA, 28 September 2003
HOR: 27 FOSTER CIRCLE ANDOVER MA01810
APC DJMS-RC: C5EF12 TDO F12 Operational Training (Force Protection)
APC STANFINS Pay: NFMC APC STANFINS Travel: NFMC
Acct clas:
Enl pay/alw: 2142060 18-1019 P2L31.2000-1198/1199/1210/1250 S19093 FTO QJDAA
Enl tvl/pd: 2142060 18-1019 P2L31.2000-21P4 S19093 FTO QJDAA
Enl Shp: 2142060 18-1019 P2L31.2000-22NL S19093 FTO QJDAA
SDN: MUR7928304187* JON/CCO: NFMC38/38NFMC Cost estimate: $ 24,608
PERD: 000313
Federal WS: S00
State tax code: MA
Marital status / Number of dependents: M01
ORDERS 304-187 HQ MA NG, OTAG, 31 October 2003

Type of incentive pay: NONE
Type of special pay: NONE
Scty cl: NONE
Format: 262

FOR THE ADJUTANT GENERAL:

\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
\\ HQ, MAARNG //
\\ OFFICIAL //
\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\//////////////
JAY F. DALEY
Colonel, IN
Director of Personnel

DISTRIBUTION:
FORCE PROTECTION

CPT (Ret.) TORTORELLA

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
JOINT FORCE HEADQUARTERS
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 MAPLE STREET
MILFORD, MA 01757-3604

REPLY TO
ATTENTION OF

June 23, 2004

Chief, Information Services Branch

Mr. Louis Tortorella
P.O. Box 523
Brookline, NH 03033

Dear Mr. Tortorella:

We have finalized your Freedom of Information Act request, which was received on June 14, 2004, requesting information surrounding the investigation conducted by LTC Richard Nagle regarding back TDY/Per Diem. Your assigned FOIA case number is 04-01. Please refer to this number in all future correspondence.

Enclosed are all the documents surrounding this investigation. For quick access to the Army Regulations referred to, you may go to the internet to www.usapa.army.mil where you will find listings for all regulations.

If you have any further questions, you can call me at 508-233-6702.

Sincerely,

Vanessa J. Markarian

Vanessa J. Markarian
Sergeant Major, MAARNG
Chief, Information Services
Branch

# EXHIBIT B

37 U.S.C.A. § 404

United States Code Annotated Currentness
Title 37. Pay and Allowances of the Uniformed Services (Refs & Annos)
Chapter 7. Allowances (Refs & Annos)

## § 404. Travel and transportation allowances: general

**(a)** Except as provided in subsection (f) and under regulations prescribed by the Secretaries concerned, a member of a uniformed service is entitled to travel and transportation allowances for travel performed or to be performed under orders, without regard to the comparative costs of the various modes of transportation--

**(1)** upon a change of permanent station, or otherwise, or when away from his designated post of duty regardless of the length of time he is away from that post;
**(2)** upon appointment, call to active duty, enlistment, or induction, from his home or from the place from which called or ordered to active duty to his first station;
**(3)** upon separation from the service, placement on the temporary disability retired list, release from active duty, or retirement, from his last duty station to his home or the place from which he was called or ordered to active duty, whether or not he is or will be a member of a uniformed service at the time the travel is or will be performed;
**(4)** when away from home to perform duty, including duty by a member of the Army National Guard of the United States or the Air National Guard of the United States, as the case may be, in his status as a member of the National Guard, for which he is entitled to, or has waived, pay under this title; and
**(5)** when not on active duty, if assigned to a Reserve school, and attending a reserve training meeting for the purpose of performing duties as an instructor at such meeting, if such meeting is 100 or more miles from the site at which the member would attend paid drills of the Reserve school to which he is assigned.

**(b)(1)** The Secretaries concerned may prescribe--

**(A)** the conditions under which travel and transportation allowances are authorized, including advance payments thereof; and
**(B)** the allowances for the kinds of travel, but not more than the amounts authorized in this section.

**(2)** In prescribing such conditions and allowances, the Secretaries concerned shall provide that a member who is performing travel under orders away from his designated post of duty and who is authorized a per diem under clause (2) of subsection (d) shall be paid for the meals portion of that per diem in a cash amount at a rate that is not less than the rate established under section 1011(a) of this title for meals sold to members. The preceding sentence shall not apply with respect to a member on field duty or sea duty (as defined in regulations prescribed under section 403(f)(3) of this title) or a member of a unit with respect to which the Secretary concerned has determined that unit messing is essential to the accomplishment of the unit's training and readiness.

**(c)(1)** Under uniform regulations prescribed by the Secretaries concerned and as provided in paragraph (2), a member who--

**(A)** is retired, or is placed on the temporary disability retired list, under chapter 61 of title 10;
**(B)** is retired with pay under any other law, or, immediately following at least eight years of continuous active duty with no single break therein of more than 90 days, is discharged with separation pay or severance pay or is involuntarily released from active duty with separation pay or readjustment pay; or
**(C)** is involuntarily separated from active duty during the period beginning on October 1, 1990, and ending on December 31, 2001,

may, not later than one year from the date he is so retired, placed on that list, involuntarily separated, ischarged, or released, except as prescribed in regulations by the Secretaries concerned, select his home for the purposes of the travel and transportation allowances authorized by subsection (a).

**(2)** A member authorized under paragraph (1) to select a home for the purposes of such allowances may select as his home--

**(A)** any place within the United States;
**(B)** the place outside the United States from which the member was called or ordered to active duty to his first duty station; or
**(C)** any other place.

However, if the member selects as his home a place other than a place described in clause (A) or (B) of the preceding sentence, the travel and transportation allowances authorized by subsection (a) may not exceed the allowances which would be payable if the place selected as his home were in the United States (other than Hawaii or Alaska).

**(d)(1)** The travel and transportation allowances authorized for each kind of travel may not be more than one of the following:

**(A)** Transportation in kind, reimbursement therefor, or, under regulations prescribed by the Secretaries concerned, when travel by privately owned conveyance is authorized or approved as more advantageous to the Government, a monetary allowance in place of the cost of transportation, at the rates provided in section 5704 of title 5.
**(B)** Transportation in kind, reimbursement therefor, or a monetary allowance as provided in subparagraph (A), plus a payment in lieu of subsistence as provided in paragraph (2) in an amount sufficient to meet normal and necessary expenses in the area to which travel is performed.
**(C)** A mileage allowance at a rate per mile prescribed by the Secretaries concerned and based on distances established under subparagraph (A).

**(2)** Under regulations prescribed by the Secretaries concerned, a member of a uniformed service entitled to travel and transportation allowances under subsection (a) is entitled to any of the following:
**(A)** A per diem allowance at a rate not to exceed that established by the Secretaries concerned.
**(B)** Reimbursement for the actual and necessary expenses of official travel not to exceed an amount established by the Secretaries concerned.
**(C)** A combination of payments described in subparagraphs (A) and (B).

**(3)** A per diem allowance or maximum amount of reimbursement established for purposes of paragraph (2) shall be established, to the extent feasible, by locality.

**(4)** For travel consuming less than a full day, the payment prescribed by regulation under paragraph (2) shall be allocated in such manner as the Secretaries concerned prescribe.

**(5)** Effective January 1, 2003, the per diem rates established under paragraph (2)(A) for travel performed in connection with a change of permanent station or for travel described in paragraph (2) or (3) of subsection (a) shall be equal to the standard per diem rates established in the Federal travel regulation for travel within the continental United States of civilian employees and their dependents, unless the Secretaries concerned determine that a higher rate for members is more appropriate.

**(e)** A member who is on duty with, or is undergoing training for, the Air Mobility Command, the Marine Corps Transport Squadrons, the Fleet Tactical Support Squadrons, the Naval Aircraft Ferrying Squadrons, or any other unit determined by the Secretary concerned to be performing duties similar to the duties performed by such command or squadrons, and who is away from his permanent station, may be paid a per diem in lieu of subsistence in an amount not more than the amount to which he would be entitled if he were performing travel in connection with temporary duty without, in either case, the issuance of orders for specific travel.

**(f)(1)** The travel and transportation allowances authorized under this section for a member who is separated from the service or released from active duty may be paid or provided only for travel actually performed.

**(2)(A)** Except as provided in subparagraph (B), a member who is separated from the service or released from active duty and who--

**(i)** on the date of his separation from the service or release from active duty, has not served on active duty for a period of time equal to at least 90 percent of the period of time for which he initially enlisted or otherwise initially agreed to serve; or
**(ii)** is separated from the service or released from active duty under other than honorable conditions, as determined by the Secretary concerned;

may be provided travel and transportation under this section only by transportation in kind by the least expensive mode of transportation available or by a monetary allowance that does not exceed the cost to the Government of such transportation in kind.

**(B)** Subparagraph (A) does not apply to a member--

**(i)** who is retired, or is placed on the temporary disability retired list, under chapter 61 of title 10;
**(ii)** who is separated from the service or released from active duty for a medical condition affecting the member, as determined by the Secretary concerned;
**(iii)** who is separated from the service or released from active duty because the period of time for which the member initially enlisted or otherwise initially agreed to serve has been reduced by the Secretary concerned and is separated or released under honorable conditions;
**(iv)** who is discharged under section 1173 of title 10; or
**(v)** who is involuntarily separated from active duty during the period beginning on October 1, 1990, and ending on December 31, 2001.

**(3)** For purposes of entitlement to per diem in place of subsistence under subsection (d)(2), a member shall not be considered under subsection (a)(1) to be performing travel under orders away from his designated post of duty if such member--

**(A)** is an enlisted member serving his first tour of active duty;
**(B)** has not actually reported to a permanent duty station pursuant to orders directing such assignment; and
**(C)** is not actually traveling between stations pursuant to orders directing a change of station.

**(g)(1)** Subject to paragraph (2), a member of the armed forces accompanying a Member of Congress or a congressional employee on official travel may be authorized reimbursement for actual travel and transportation expenses incurred for such travel.

**(2)** The reimbursement authorized in paragraph (1) may be paid--

**(A)** at a rate that does not exceed the rate approved for official congressional travel; and
**(B)** only when the travel of the member is directed or approved by the Secretary of Defense or the Secretary concerned.

**(3)** In this subsection:

**(A)** The term "Member of Congress" means a member of the Senate or the House of Representatives, a Delegate to the House of Representatives, and the Resident Commissioner from Puerto Rico.
**(B)** The term "congressional employee" means an employee of a Member of Congress or an employee of Congress.

**(h)** Under uniform regulations prescribed by the Secretaries concerned, a member of a uniformed service entitled to travel and transportation allowances under subsection (a) is entitled to reimbursement for parking fees, ferry fares, and bridge, road, and tunnel tolls actually incurred incident to such travel.

**(i)(1)** In the case of a member of a reserve component performing active duty for training or inactive-duty training who is not otherwise entitled to travel and transportation allowances in connection with such duty under subsection (a), the Secretary concerned may reimburse the member for housing service charge expenses incurred by the member in occupying transient government housing during the performance of such duty. If transient government housing is unavailable or inadequate, the Secretary concerned may provide the member with lodging in kind in the same manner as members entitled to such allowances under subsection (a).

**(2)** Any payment or other benefit under this subsection shall be provided in accordance with regulations prescribed by the Secretaries concerned.

**(3)** The Secretary may pay service charge expenses under paragraph (1) and expenses of providing lodging in kind under such paragraph out of funds appropriated for operation and maintenance for the reserve component concerned. Use of Government charge cards is authorized for payment of these expenses.

**(4)** Decisions regarding the availability or adequacy of government housing at a military installation under paragraph (1) shall be made by the installation commander.

**(j)** In this section, the term "involuntarily separated" has the meaning given that term in section 1141 of title 10.

37 U.S.C.A. § 404, 37 USCA § 404

Current through P.L. 109-147 (excluding 109-135) approved Dec. 22, 2005

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

37 U.S.C.A. § 411

United States Code Annotated Currentness
Title 37. Pay and Allowances of the Uniformed Services (Refs & Annos)
Chapter 7. Allowances (Refs & Annos)

## § 411. Travel and transportation allowances: administrative provisions

**(a)** For the administration of sections 404(a), (b), and (d) to (f), 404a, 405, 405a, 406(a) to (f), 407, 409, and 410 of this title, the Secretaries concerned shall prescribe regulations that are, as far as practicable, uniform for all of the uniformed services.

**(b)** In establishing the rates and kinds of allowances authorized by the sections of this title designated by subsection (a), the Secretaries concerned shall--

**(1)** consider the average cost of common carrier transportation when prescribing a monetary allowance in place of transportation;

**(2)** consider the current economic data on the cost of subsistence, including lodging and other necessary incidental expenses related thereto, when prescribing per diem rates and designating areas as high cost areas; and

**(3)** consider the average cost of transportation and current economic data on the cost of subsistence, including lodging and other necessary incidental expenses relating thereto, when prescribing mileage allowances.

**(c)** The Secretaries concerned shall determine what constitutes a travel status for the purposes of the sections of this title designated by subsection (a).

**(d)** The Secretary concerned shall define the term "permanent station" for the purposes of the sections of this title designated by subsection (a). The definition shall include a shore station or the home yard or home port of a vessel to which a member of a uniformed service who is entitled to basic pay may be ordered. An authorized change in the home yard or home port of such a vessel is a change of permanent station.

37 U.S.C.A. § 411, 37 USCA § 411

Current through P.L. 109-147 (excluding 109-135) approved Dec. 22, 2005

Copr. © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

32 U.S.C.A. § 502

United States Code Annotated Currentness
Title 32. National Guard (Refs & Annos)
Chapter 5. Training (Refs & Annos)

# § 502. Required drills and field exercises

**(a)** Under regulations to be prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, each company, battery, squadron, and detachment of the National Guard, unless excused by the Secretary concerned, shall--

**(1)** assemble for drill and instruction, including indoor target practice, at least 48 times each year; and
**(2)** participate in training at encampments, maneuvers, outdoor target practice, or other exercises, at least 15 days each year.

However, no member of such unit who has served on active duty for one year or longer shall be required to participate in such training if the first day of such training period falls during the last one hundred and twenty days of his required membership in the National Guard.

**(b)** An assembly for drill and instruction may consist of a single ordered formation of a company, battery, squadron, or detachment, or, when authorized by the Secretary concerned, a series of ordered formations of parts of those organizations. However, to have a series of formations credited as an assembly for drill and instruction, all parts of the unit must be included in the series within 90 consecutive days.

**(c)** The total attendance at the series of formations constituting an assembly shall be counted as the attendance at that assembly for the required period. No member may be counted more than once or receive credit for more than one required period of attendance, regardless of the number of formations that he attends during the series constituting the assembly for the required period.

**(d)** No organization may receive credit for an assembly for drill or indoor target practice unless--

**(1)** the number of members present equals or exceeds the minimum number prescribed by the President;
**(2)** the period of military duty or instruction for which a member is credited is at least one and one-half hours; and
**(3)** the training is of the type prescribed by the Secretary concerned.

**(e)** An appropriately rated member of the National Guard who performs an aerial flight under competent orders may receive credit for attending drill for the purposes of this section, if the flight prevented him from attending a regularly scheduled drill.

**(f)** Under regulations to be prescribed by the Secretary of the Army or Secretary of the Air Force, as the case may be, a member of the National Guard may--

**(1)** without his consent, but with the pay and allowances provided by law; or
**(2)** with his consent, either with or without pay and allowances;

be ordered to perform training or other duty in addition to that prescribed under subsection (a). Duty without pay shall be considered for all purposes as if it were duty with pay.

Current through P.L. 109-147 (excluding 109-135) approved Dec. 22, 2005

Copr. © 2005 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
MASSACHUSETTS NATIONAL GUARD
OFFICE OF THE ADJUTANT GENERAL
50 MAPLE STREET
MILFORD, MA 01757-3604

REPLY TO
ATTENTION OF:

Assistant Chief of Staff

RECEIVED
MAR 2 2 2004
MANCHESTER, NH

March 19, 2004

Honorable John E. Sununu
United States Senate
Attn: Mr. Steven McAllister
1589 Elm Street, Suit # 3
Manchester, New Hampshire 03101

Dear Senator Sununu:

I am writing in response to your letter addressed to The Adjutant General pertaining to Sergeant First Class (Ret) Louis Tortorella request for assistance in settling his inferred financial situation. In the course of my investigation into the circumstances of his situation I found that this former soldier is authorized no additional pay, retroactive or Per Diem.

Should you have any further questions regarding this matter I can be reached at (508) 233-6510.

Sincerely,

Richard C. Nagle
Lieutenant Colonel, Engineer
Assistant Chief of Staff

JOHN E. SUNUNU
NEW HAMPSHIRE

DEPUTY WHIP

BANKING, HOUSING, AND URBAN AFFAIRS

COMMERCE, SCIENCE, AND TRANSPORTATION

FOREIGN RELATIONS

GOVERNMENTAL AFFAIRS

JOINT ECONOMIC COMMITTEE

UNITED STATES SENATE

111 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224-2841

1589 ELM STREET, SUITE 3
MANCHESTER, NH 03101
(603) 647-7500

ONE NEW HAMPSHIRE AVENUE, SUITE 120
PORTSMOUTH, NH 03801
(603) 430-9560

March 15, 2004

Mr. Louis Tortorella
P.O. Box 523
Brookline, N.H. 03033

Dear Mr. Tortorella,

Enclosed is a response Senator Sununu received from Donna Warren, GS-13, U.S. Air Force Chief, Congressional Inquiries Branch regarding your inquiry.

Ms. Warren states that the National Guard Bureau has carefully reviewed your letter and determined your concerns are most appropriately addressed by your chain of command. Therefore, she has forwarded Senator Sununu's letter to the Adjutant General in Massachusetts for a response.

I will forward any response we receive from the Adjutant General to you. Please feel free to call me with any questions you may have. Best wishes.

Sincerely,

Stephen P. McAllister
Constituent/Community Liaison

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
NATIONAL GUARD BUREAU
1411 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VA 22202-3231

March 8, 2004

RECEIVED
MAR 15 2004
MANCHESTER, NH

Office of Legislative Liaison

The Honorable John E. Sununu
United States Senate
Attn: Mr. Steven McAllister
1589 Elm Street, Suite # 3
Manchester, New Hampshire 03101

Dear Senator Sununu:

This is in response to your letter on behalf of Sergeant First Class Louis Tortorella regarding issues with the Massachusetts National Guard.

The National Guard Bureau has carefully reviewed Sergeant First Class Tortorella's letter and determined his concerns are most appropriately addressed by his chain of command. As a courtesy, we are forwarding a copy of this inquiry to the Adjutant General in Massachusetts requesting a direct reply to your office.

Thank you for your interest in the National Guard.

Very Respectfully,

Donna Warren
GS-13, U.S. Air Force
Chief, Congressional Inquiries Branch

Enclosure

Copy Forwarded:
The Adjutant General, Massachusetts

JOHN E. SUNUNU
NEW HAMPSHIRE

DEPUTY WHIP

BANKING, HOUSING, AND URBAN AFFAIRS

COMMERCE, SCIENCE, AND TRANSPORTATION

FOREIGN RELATIONS

GOVERNMENTAL AFFAIRS

JOINT ECONOMIC COMMITTEE

UNITED STATES SENATE

111 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224-2841

1589 ELM STREET, SUITE 3
MANCHESTER, NH 03101
(603) 647-7500

ONE NEW HAMPSHIRE AVENUE, SUITE 120
PORTSMOUTH, NH 03801
(603) 430-9560

November 10, 2003

Mr. Louis Tortorella
P.O. Box 523
Brookline, N.H. 03033

Dear Mr. Tortorella,

I am writing to update you on your pending case with the Massachusetts Army National Guard and the correspondence we have received. Senator Sununu's office has made an additional inquiry on your behalf.

I have taken the liberty of contacting Lieutenant Colonel Christopher Henes regarding the issues of retroactive pay and Per Diem pay for your last years of service. I informed Lieutenant Colonel Henes that you have a court date on December 6, 2003 and would appreciate an answer by that time.

I will forward any response we receive from Lieutenant Colonel Henes to you. Best wishes to you and your family.

Sincerely,

Stephen P. McAllister
Constituent Service Specialist

JOHN E. SUNUNU
NEW HAMPSHIRE

DEPUTY WHIP

BANKING, HOUSING, AND URBAN AFFAIRS

COMMERCE, SCIENCE, AND TRANSPORTATION

FOREIGN RELATIONS

GOVERNMENTAL AFFAIRS

JOINT ECONOMIC COMMITTEE

UNITED STATES SENATE

111 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224-2841

1589 ELM STREET, SUITE 3
MANCHESTER, NH 03101
(603) 647-7500

ONE NEW HAMPSHIRE AVENUE, SUITE 120
PORTSMOUTH, NH 03801
(603) 430-9560

September 10, 2003

Mr. Louis Tortorella
P.O. Box 523
Brookline, N.H. 03033

Dear Mr. Tortorella,

Enclosed is a status update Senator Sununu received regarding your claim with the United States Army National Guard.

Ms. Teresa Ray, Congressional Coordinator for the United States Department of the Army states that she has forwarded the issues raised by you in your correspondence to the Senator's office to the National Guard Bureau, Office of Policy and Liaison for review. Once this review is completed, the National Guard Bureau will respond directly to Senator Sununu.

I will forward any response we receive from the National Guard Bureau to you. I will also continue to forward any updates that I receive regarding your case. Best wishes.

Sincerely,

Stephen P. McAllister
Constituent Service Specialist

**DEPARTMENT OF THE ARMY**
OFFICE OF THE CHIEF OF LEGISLATIVE LIAISON
1600 ARMY PENTAGON
WASHINGTON DC 20310-1600

August 29, 2003

The Honorable John E. Sununu
United States Senator
1589 Elm Street, Suite Three
Manchester, New Hampshire 03101

RECEIVED
SEP 0 9 2003
MANCHESTER, NH

Dear Senator Sununu:

This replies to your inquiry on behalf of Mr. Louis P. Tortorella, concerning his discharge from the Army National Guard.

I have forwarded the issues raised by Mr. Tortorella to the National Guard Bureau, Office of Policy and Liaison, 1411 Jefferson Davis Highway, Suite 11500, Arlington, Virginia 22202-3259, for review. Once the review is completed, the National Guard Bureau will respond directly to you.

Sincerely,

Teresa T. Ray
Congressional Coordinator
Congressional Inquiry Division

AUG-29-2003 18:32 FROM-BILL DELUCA BUICK +978 378 8792 T-141 P.002 F-988

JOHN E. SUNUNU
NEW HAMPSHIRE

DEPUTY WHIP

BANKING, HOUSING, AND URBAN AFFAIRS

COMMERCE, SCIENCE, AND TRANSPORTATION

FOREIGN RELATIONS

GOVERNMENTAL AFFAIRS

JOINT ECONOMIC COMMITTEE

UNITED STATES SENATE

111 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) [illegible]

1589 ELM STREET, SUITE 3
MANCHESTER, NH 03101
(603) 647-7500

ONE NEW HAMPSHIRE AVENUE, SUITE [illegible]
PORTSMOUTH, NH 03801
(603) [illegible]

August 15, 2003

Mr. Louis Tortorella
P.O. Box 525
Brookline, N.H. 03033

Dear Mr. Tortorella,

I am writing to acknowledge our meeting on August 15, 2003 regarding your situation with the National Guard.

I have taken the liberty of contacting Col. John F. Schorsch, Congressional Liaison for the United States Army regarding this situation.

I will forward any response we receive from Col. Schorsch to you. Please feel free to contact me again regarding this or any other federal issue that I may be of some assistance. I may be reached at our Manchester office at 647-7500 and by mail at 1589 Elm Street Manchester, N.H. 03101. Best wishes to you and your family,

Sincerely,

Stephen P. McAllister
Constituent Service Specialist