IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOUIS P. TORTORELLA, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-855C |
| | ) | (Judge Firestone/Judge Wiese) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION OF PROTECTIVE ORDER

In the course of attempting to resolve this matter using alternative dispute resolution methods, plaintiffs, Louis P. Tortorella, et al., and defendant, United States, through their respective counsel (collectively "the Parties"), agree that the following Protective Order should be entered into because sensitive personnel information concerning Massachusetts National Guard members may need to be disclosed and that this information should be restricted. The documents the Parties believe that will be disclosed contain, among other private information, individual names and address information. Such files arguably constitute a system of records within the meaning of the Privacy Act of 1974. See 5 U.S.C. § 522a(a)(5).

1. This Order governs the disclosure and use of confidential personal information that is protected from disclosure by: (1) the Rules of the Court of Federal Claims; (2) the Freedom of Information Act, 5 U.S.C. § 552; (3) the Privacy Act, 5 U.S.C. § 552(a); or (4) 26 U.S.C. § 6103 ("Confidential Information").

2. The Parties, by their respective counsel, may designate documents; information contained on or in computer disks, diskettes, tapes, chips, modules, and cassettes; and any other personal information or testimony that they regard to be Confidential Information, by marking them "Confidential" on their face or cover, by so designating them in writing to opposing

counsel within a reasonable time during or after production, or by so designating them orally on the record. Such documents and testimony shall be treated as protected under this Order unless and until the Parties, by counsel, agree otherwise in writing or unless this Court rules that the documents and testimony in question will not be protected under this Order because they do not constitute Confidential Information. The Parties specifically agree that all military personnel and payroll records containing personal information, addresses, and social security numbers constitute confidential information within the meaning of this Protective Order. Acknowledging the confidential nature of this information does not limit either Party's ability to designate additional information as Confidential and does not limit either party's ability to challenge such designation within the terms of paragraph 3 of this Order. All documents or other information that contain information that is covered by the Privacy Act or other statutes, rules or regulations that limit disclosure of personal information and is responsive to resolving this matter in an alternate dispute resolution forum, are hereby authorized to be released to plaintiffs' counsel, without obtaining prior written consent of the individual to whom such covered information pertains. Such disclosures by defendant or its attorneys shall be deemed authorized by law. See 5 U.S.C. § 552(b)(11).

3. If a party disagrees with the opposing party's designation of any documents or testimony as Confidential Information, the disagreeing party may challenge such designation in writing to the party, and if the Parties are unable to agree, may then file a motion with this Court challenging this determination. This paragraph shall in no way alter the burden on the party claiming protection to prove its entitlement to the claimed protection on documents.

4. No Party shall designate any material as protected absent a good faith belief that the material is within the intended scope of this Order.

5. Confidential Information shall be used solely for purposes of this lawsuit and for no other purpose. Confidential Information, including all copies of any document, shall be returned to counsel for the party providing it within 30 days after this lawsuit has finally terminated, including any time for appeal, along with a statement by counsel that all such information has been returned and all copies or extracts containing such information have been destroyed.

6. Confidential Information shall only be disclosed to the Parties; their counsel; staff under counsel's supervision; experts or consultants who agree to be bound by this Order; court reporters who agree to be bound by this Order and to the Court.

7. Confidential Information offered to the Court shall either be: (1) submitted in a sealed envelope with the outside marked with the caption of the case, a schedule of the contents of the envelope, and the notation "Confidential - Submitted Under Seal - Subject to Protective Order"; or (2) alternatively, if a Party wishes to use Confidential Information in any submission to the Court, that Party must take appropriate measures to redact the Confidential Information before using such Confidential Information in Court if there is any likelihood that the information could become public.

8. Inadvertent disclosure of Confidential Information at any time, without then designating it as such, shall be without prejudice to any claim that the material is Confidential Information, and no party shall be held to have waived any rights to future treatment of such material as Confidential Information by such inadvertent disclosure unless the Court determines otherwise. Any document or information so produced and subject to a subsequent claim that it is

Confidential Information shall, after notice of the claim that it is Confidential Information, be treated as such, subject to the procedures in paragraph 3 of this Order for challenging the claim that the material is Confidential Information.

9. Should defendant or plaintiffs inadvertently produce documents that could have been withheld, in whole or in part, upon the basis of attorney-client or attorney work product privileges or some other protection, the mere production of all or part of a document shall not constitute a waiver of any evidentiary privilege in this or in any other proceeding. Upon discovery of the inadvertence, the disclosing party must notify the receiving party's counsel of record, in writing, of the mistake. Upon receipt of the notification, the receiving party shall return or destroy the inadvertently produced document, including all copies thereof, and shall not make any use of the document or any information contained in the document.

10. Nothing in this Order shall preclude any party from opposing production of any documents or information for any reason other than that it is Confidential Information or from seeking further or different relief should future pretrial activities indicate such need.

11. This order does not constitute any ruling on the question of whether the above-described documents are properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility, other than objections based on the Privacy Act. This order does not apply to any information or documents other than information or documents that are subject to the Privacy Act.

Agreed to this 17th day of April, 2008.

Respectfully submitted:

JOHN SHEK
Weston, Patrick, Willard, & Reading
84 State Street, 11th Floor
Boston, MA 02109
Tel: (617) 742-9310

Attorney for Plaintiffs

BRYANT G. SNEE
Deputy Director
Attorney for Defendant

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St. N.W.
Washington, D.C. 20530
Tel: (202) 307-0383
Fax: (202) 353-7988

Major Jerrett Dunlap
United States Army Legal Services Agency
Military Personnel Law Branch
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
(703) 696-1628

Attorneys for Defendant

ENTERED this 22nd day of April 2008.

Judge John P. Wiese, United States Court of Federal Claims